UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Sandra H. Harp,                                         Civil No. 10-3970 (PJS/FLN)

                    Plaintiff,

                                                        **REPORT AND**
          v.                                            **RECOMMENDATION**

Navarre Corporation, David Ginsberg,
Margot McManus, and Micki St. Clair,

                    Defendants.

_____

Sandra H. Harp, *Pro Se* Plaintiff.
Jessica L. Roe for Defendants.
_____

   **THIS MATTER** came before the undersigned United States Magistrate Judge on

October 14, 2011 on Defendants' Motion to Dismiss Defendants (ECF No. 12). The matter was

referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and

Local Rule 72.1.  For the reasons which follow, this Court recommends the motion to dismiss be

**GRANTED in part and DENIED in part**.

## I.    BACKGROUND

   In the instant action, Plaintiff has sued Navarre Corporation and three individuals, David

Ginsberg, Margot McManus, and Micki St. Clair, for discrimination on the basis of race under

Title VII.  (ECF No. 1, Complaint.)  Defendant asserts, and Plaintiff conceded at the hearing,

that at the time of her termination, Plaintiff was employed by Navarre Logistical Services, Inc., a

subsidiary company to Navarre Corporation.  (ECF No. 15, Roe Decl. Ex. A.)  Defendants

Ginsberg, McManus and St. Clair served in supervisory positions to Plaintiff at the time of her

termination. (Complaint ¶¶ 12-14.)  Defendant now asks the Court to dismiss the claims against

the individual defendants and Navarre Corporation, and to order Plaintiff to file an amended complaint naming Navarre Logistical Services, Inc. in place of Navarre Corporation.

## II.    RELEVANT LEGAL STANDARD

In analyzing the adequacy of a complaint under Rule 12(b)(6), the Court must construe the complaint liberally and afford the plaintiff all reasonable inferences to be drawn from the allegations. *See Turner v. Holbrook*, 278 F.3d 754, 757 (8th Cir. 2002).  For the purpose of a motion to dismiss, facts in the complaint are assumed to be true.  *In re Navarre Corp. Sec. Litig.*, 299 F.3d 735, 738 (8th Cir. 2002).   Nevertheless, dismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity.  *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).  To avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter of law and may not merely state legal conclusions.  *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998).  A pleading must contain enough facts to state a claim for relief that is "plausible on its face," and a claim has facial plausibility only when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged.  *Id.* at 570; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The plausibility standard is not akin to a "probability requirement," but it calls for more than a sheer possibility that a defendant has acted unlawfully.  *Iqbal*, 129 S. Ct. at 1949.

## III.    LEGAL ANALYSIS

### A.    Plaintiff's Claims Against Navarre Corporation

Defendant seeks dismissal of claims against Navarre Corporation.  The parties agree that at the time of her termination, Plaintiff was employed by Navarre Logistical Services, Inc. Defendants have no objection to allowing Plaintiff to amend her complaint to name the correct

corporate entity, Navarre Logistical Services, Inc.   Because Navarre Corporation was not Plaintiff's employer at the time of the alleged Title VII violation, the claims against Navarre Corporation should be dismissed, and Plaintiff should be ordered to file an amended complaint naming Navarre Logistical Services, Inc.

### B.      Plaintiff's Claims Against the Individual Defendants

Defendant also seeks dismissal of the claims against the individual defendants, arguing that there is no legal basis to sue supervisors in their individual capacity under Title VII.  Title VII defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such a person . . . ."  42 U.S.C. § 2000e(b).  The Eighth Circuit held in *Bonomolo-Hagen v. Clay Central-Everly Community School District*, 121 F.3d 446, 447 (8th Cir. 1997), that supervisors may not be held individually liable under Title VII. Shortly after *Bonomolo*, the Eighth Circuit held that it was not error for judgment to be entered against a supervisor in his capacity as the agent of an employer and to hold the employer solely liable for damages.  *Bales v. Wal-Mart Stores, Inc.*, 143 F.3d 1103, 1111 (8th Cir. 1998) (citing *Gary v. Long*, 59 F.3d 1391, 1399 (D.C. Cir. 1995) ("[W]hile a supervisory employee may be joined as a party defendant in a Title VII action, that employee must be viewed as being sued in his capacity as the agent of the employer, who is alone liable for a violation of Title VII.")). While only the employer would be liable for any damages that may be awarded in this case, the Eighth Circuit has expressly held that it is not error to name individual supervisors as defendants, who must be viewed as being sued in their capacity as agents for the employer. Recognizing that Defendants Ginsberg, McManus and St. Clair are only being sued as agents of Navarre Logistical Services, Inc., the Defendants' motion to dismiss them from the suit altogether should be DENIED.

## IV.    RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendants' Motion to Dismiss Defendants (ECF No. 12) be **GRANTED in part and DENIED in part** as follows:

1)    Plaintiff's claims against Defendant Navarre Corporation be **DISMISSED with prejudice**;

2)    Plaintiff be ordered to file an amended complaint naming Navarre Logistical Services, Inc. as a Defendant ten (10) days after entry of the final order by Judge Schiltz;

3)    Plaintiff's claims against Defendants David Ginsberg, Margot McManus, and Micki St. Clair, in their individual capacities, be **DISMISSED with prejudice**; and

4)    To the extent Plaintiff seeks to dismiss the claims against Defendants David Ginsberg, Margot McManus, and Micki St. Clair in their capacity as agents of Navarre Logistical Services, Inc., the motion should be **DENIED.**

DATED: November 3, 2011             *s/ Franklin L. Noel*
                                    FRANKLIN L. NOEL
                                    United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **November 18, 2011**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof.  All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report

and Recommendation, the party making the objections shall timely order and cause to be filed by **November 18, 2011,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.