UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| SANDRA H. HARP, | Case No. 10-CV-3970 (PJS/FLN) |
| Plaintiff, | |
| v. | ORDER ADOPTING REPORT AND RECOMMENDATION |
| NAVARRE LOGISTICAL SERVICES, INC.; DAVID GINSBERG; MARGOT MCMANUS; and MICKI ST. CLAIR, as agents for Navarre Logistical Services, Inc., | |
| Defendants. | |

Sandra H. Harp, pro se.

Jessica L. Roe, KUTAK ROCK, LLC, for defendants.

This matter is before the Court on plaintiff Sandra H. Harp's objection to the January 29, 2013 Report and Recommendation ("R&R") of Magistrate Judge Franklin L. Noel. In that R&R, Judge Noel recommends granting the motion for summary judgment of defendants Navarre Logistical Services, Inc. ("Navarre"), David Ginsberg, Margot McManus, and Micki St. Clair. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court agrees with Judge Noel's analysis and adopts the R&R.

The firing of Harp for missing one and a half days of work — after eight years of satisfactory service — might very well have been unfair. Judge Noel hinted as much. *See* R&R at 7 n.6. But the law does not forbid employers to treat employees unfairly. The law does not even forbid employers to treat African-American employees unfairly. The law only prohibits employers from treating African-American employees unfairly *because* they are African-American.

The Court agrees with Judge Noel that a reasonable jury could not find, based on the admissible evidence in the record, that Harp was fired *because* she was African-American. In particular, the Court agrees with Judge Noel that Harp failed to identify a similarly situated employee who (1) was not a member of her protected class, (2) missed work during the mandatory "Go-Live" period, and (3) was not subsequently terminated.

Harp complains of other instances of being treated unfairly by Navarre. But she pleaded only an unlawful-termination claim, and, as noted, she is unable to cite admissible evidence in the record that would allow a reasonable jury to find that David Ginsberg and Margot McManus — the same people who hired her, promoted her, and gave her favorable performance reviews — fired her because of her race. Accordingly, defendants' motion for summary judgment is granted.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES plaintiff Sandra H. Harp's objection [ECF No. 77] and ADOPTS the R&R [ECF No. 72]. Accordingly, IT IS HEREBY ORDERED THAT:

1. Defendants' motion for summary judgment [ECF No. 54] is GRANTED.
2. The amended complaint [ECF No. 25] is DISMISSED WITH PREJUDICE AND ON THE MERITS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 22, 2013

    s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge